# Union Trust Company of Pittsburg, Appellant, *v.* Cain (No. 2).

*Mortgage—Assignment—Fraud—Principal and agent—Estoppel.*

Where an attorney in fact fraudulently assigns a mortgage of his principal to pay a debt of his own, and the principal subsequently files a bill in equity against the assignee of the mortgage for a reassignment of the mortgage to himself, but without praying for an accounting of the interest received by the assignee, and without joining the terre-tenant in the bill and a decree is entered for a reassignment without any reference to the interest paid to the assignee, the principal is estopped from recovering such interest in a direct proceeding by a scire facias sur mortgage against the terre-tenant.

*Appeals—Paper-books—Failure to print evidence.*

Where on the trial of a scire facias sur mortgage it appears that the mortgage and an assignment of the same were admitted in evidence, the appellant from the judgment of the court should print the mortgage and assignment in his paper-book.

Argued April 26, 1905.    Appeal, No. 232, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1902, No. 613, on verdict for defendant non obstante veredicto in case of the Union Trust Company of Pittsburg, administrator of Johanna Montgomery, deceased, v. William H. Cain and Mary Eliza Cain, his wife, with notice to D. C. Kissel and C. T. Mahaffey, terre-tenants.    Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ.    Affirmed.

Scire facias sur mortgage.    Before Rodgers, J.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William M. Hall, Jr.*, with him *H. J. Miller* and *Watson B. Adair*, for appellant.

*J. McF. Carpenter*, with him *Lawrence W. Bigham*, for appellee.

OPINION BY BEAVER, J., October 9, 1905:

In addition to the facts stated in No. 231 of April Term, 1905, Union Trust Co. v. Cain, ante, p. 189, in which an opinion has been this day filed, it appears from the evidence in this case that the mortgage sought to be recovered from the terre-tenants was not only assigned upon the record, but that it was also marked satisfied. There is no evidence, so far as we can ascertain from the testimony, that the defendants or terre-tenants were ever notified by the plaintiff's intestate that she intended to hold them for either principal or interest of this mortgage. If she had so intended, they should have been included as defendants in the bill in equity filed against the lodge of Odd Fellows, to whom the mortgage had been assigned, as shown by the records. That proceeding conveyed no notice whatever to them.

In this case, in addition to what is contained in No. 231, the mortgage was assigned by the lodge to the German Fire Insurance Company, an innocent holder for value. The case is much stronger, therefore, than the Hailman case, No. 231, previously referred to.

For the reasons stated in our opinion in that case and also for the further reasons suggested by the fact of the assignment by the lodge to the insurance company, which we presume was regularly entered upon the record, and also in view of the fact that the record shows a satisfaction of the mortgage and there is no dispute of the bona fides of the transaction, this case should follow No. 231.

It is proper to say that the testimony, as printed in the appellant's paper-book, is quite unsatisfactory, in view of the fact that, although the offer in evidence of the mortgage was regularly made and it was admitted, neither the mortgage itself nor the assignments and satisfaction are printed. We are left, therefore, to assume certain facts as to which we could speak more certainly if the entire record had been printed.

Judgment affirmed.